NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACKSON HEWITT INC., <br> Plaintiff, <br> v. <br> JUAN JOSE FLORES, <br> Defendant. | Civil Action No.: 19-9210 <br><br> OPINION |

**CECCHI, District Judge.**

I. **INTRODUCTION**

This matter comes before the Court on the motion of Plaintiff Jackson Hewitt Inc. ("Plaintiff") for default judgment against Defendant Juan Jose Flores ("Flores"). ECF No. 17. The time for Flores to answer or otherwise respond to Plaintiff's Amended Complaint has expired. *See* Fed. R. Civ. P. 12(a). Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of the Court entered a Default against Defendant on May 30, 2019. Plaintiff filed the instant motion for default judgment (the "Motion") pursuant to Federal Rule of Civil Procedure 55(b)(2) on June 28, 2019. ECF No. 9. Flores did not oppose the Motion. ECF No. 11. For the following reasons, Plaintiff's motion for default judgment is **GRANTED**.

II. **BACKGROUND**

Plaintiff filed this action for breach of contract, breach of guaranty, and fraud on April 2, 2019. ECF No. 1. The Complaint was filed against Defendant JJF & AC, Inc. ("JJF") (a former Jackson Hewitt franchisee), Flores (a guarantor of JJF's obligations), and Adriana Casillas ("Casillas") (also a guarantor of JJF's obligations) (together, the "Defendants"). Id. at 1-2. The Complaint alleges that Plaintiff and Defendants entered into a franchise agreement in 2001 whereby Flores and Casillas would operate a Jackson Hewitt income tax preparation business in

1

California. Id. at 5. In 2013, the franchise agreement was amended so that JJF would become the franchisee and Flores and Casillas would serve as Guarantors for JJF's obligations under the franchise agreement. Id. In 2018, JJF defaulted on the franchise agreement by failing to remit required royalty fees, advertising fees, and legal expenses. Id. at 6-7. Based on the foregoing violations, the franchise agreement was terminated on June 6, 2018. Id. at 8.

Defendants were served with a copy of the summons and Complaint on April 18, 2019. ECF Nos. 4-6. After a resolution was reached with JJF and Casillas whereby they agreed to pay Plaintiff $255,000 (ECF No. 9-1 at 2), Plaintiff filed an Amended Complaint naming Flores as the sole remaining defendant on May 1, 2019. ECF No. 7. Flores did not answer the Complaint or Amended Complaint, and Plaintiff requested an entry of default on May 29, 2019 based on Flores' failure to answer. ECF No. 8. The Clerk of the Court entered default against Flores for failure to plead or otherwise defend on May 30, 2019. On June 28, 2019, Plaintiff filed the Motion and requested entry of default judgment against Flores in the amount of $373,417.34. ECF No. 9-1 at 1. The Motion is supported by the declaration of Meghan Harrison, the Vice President of Integration and Franchise Operations for Plaintiff. ECF No. 9-2.

### III. LEGAL STANDARD

"Federal Rule of Civil Procedure 55 governs default. After the clerk's entry of default pursuant to Rule 55(a), a plaintiff may then seek the court's entry of default pursuant to Rule 55(b)(2)." *Super 8 Worldwide, Inc. v. Urmita, Inc.*, No. 10-5354, 2011 WL 2909316, at *2 (D.N.J. July 18, 2011). A court's entry of default judgment is discretionary; however, the court must still decide whether Plaintiff has adequately set forth a cause of action. *See Premium Sports, Inc. v. Silva*, No. 15-1071, 2016 WL 223702, at *1 (D.N.J. Jan. 19, 2016). In making its decision, the court must accept the complaint's factual allegations as true, except with respect to damages. *See*

*id.* Before imposing a default judgment, district courts must make explicit factual findings as to: (1) the prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a meritorious defense, and (3) the culpability of the party subject to default. *See Chamberlin v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

"The district court has considerable latitude in determining the amount of damages. The court is not required to conduct a hearing 'as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment.'" *Super 8 Worldwide, Inc.*, 2011 WL 2909316, at *2 (alterations in original) (citations omitted). "It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States*, 323 U.S. 1, 12 (1944).

## IV.  **DISCUSSION**

Plaintiff seeks entry of default judgment against Flores for breach of contract. ECF No. 9-1 at 5. Preliminarily, the Court notes that it has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as Plaintiff is a Virginia corporation with its principal place of business in New Jersey, Flores is a citizen of California, and the amount in controversy exceeds $75,000. Id. at 4. The Court has personal jurisdiction over Flores as Flores expressly waived any personal jurisdiction objections in the guaranty agreement and because he transacted business with Plaintiff in the State of New Jersey. ECF No. 1 at 2-3. Additionally, the Court determines that Flores was properly served with a copy of the Summons and Complaint in this matter, as well as a copy of the Amended Complaint. ECF Nos. 6, 7-1.

### A.  **Legitimate Cause of Action**

Before determining whether default judgment is proper, the Court must determine whether

Plaintiff has stated a sufficient cause of action, accepting the factual allegations in the complaint as true, except those relating to the amount of damages. *Super 8 Worldwide, Inc.*, 2014 WL 5475217, at *1. Here, Plaintiff has sufficiently demonstrated a *prima facie* claim for breach of contract. To state a claim for breach of contract under New Jersey law, a plaintiff must establish that a valid contract exists between the parties, the defendant failed to perform its obligations under that contract, and plaintiff suffered damages as a result of the failure to perform. *Travelodge Hotels, Inc. v. JSK Hosp., LLC*, No. 18-4551, 2019 WL 1091393, at *3 (D.N.J. Mar. 8, 2019) (citing *Murphy v. Implicito*, 392 N.J. Super 245, 265 (App. Div. 2007). Accepting Plaintiff's allegations as true, (1) Plaintiff and Flores entered into a contract (the guaranty agreement) in which Flores personally guaranteed the performance and obligations of JJF under the franchise agreement (ECF No. 1 at 5); (2) Flores did not perform his obligations under the guaranty agreement as he failed to pay Plaintiff all monies owed to it by JJF after it defaulted the franchise agreement (id.); and (3) Plaintiff is owed roughly $373,400 due to JJF's default and Flores' failure to fulfill his obligations under the guaranty agreement (id. at 2). Accordingly, Plaintiff has stated a valid claim for breach of contract.

**B.     Default Judgment**

As Plaintiff has pled a valid cause of action, the Court must now consider three factors that control whether a default judgment should be granted. In making this determination, the Court must make explicit factual findings as to (1) prejudice to the plaintiff if default is denied, (2) whether the defendant has a meritorious defense, and (3) the culpability of the defendant. *Chamberlain v. Giampapa*, 210 F.3d 154, 163 (3d Cir. 2000); *Super 8 Worldwide, Inc.*, 2014 WL 5475217, at *1.

Here, the Court concludes that without the Court's intervention, Plaintiff will be prejudiced, Flores has no meritorious defense, and Flores is culpable. According to the uncontested allegations, Plaintiff has suffered a loss of approximately $373,400 caused by the default of JFF that Flores personally agreed to pay in a written guaranty agreement. ECF No. 1 at 2. Flores has no meritorious defense to these allegations as he is deemed to have admitted the truth of the allegations against him through his failure to respond or otherwise defend against this action. *See York Int'l Corp. v. York HVAC Sys. Corp.*, No. 09-3546, 2010 WL 1492851 (D.N.J. Apr. 14, 2010) (holding that failure to respond indicates no meritorious defense). Similarly, Flores' failure to appear in this action indicates culpable conduct. *See Wyndham Hotels & Resorts, LLC v. J&S Pride, LLC*, No. 15-430, 2016 WL 1366910, at *4 (D.N.J. Apr. 5, 2016) (citing *Prudential Ins. Co. of America v. Taylor*, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009)) ("[W]hen there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's conduct is culpable and default judgment is warranted."). Accordingly, "the requirements for granting default judgment are satisfied" and the Court finds that default judgment against Flores is appropriate. *Super 8 Worldwide, Inc.*, 2011 WL 2909316, at *2.

### II. Appropriate Relief

The Court must next consider Plaintiff's request for damages. In the Amended Complaint, Plaintiff alleges that JJF's breach of the franchise agreement damaged it in the amount of $612,716.99 as of March 31, 2019. ECF No. 7 at 12. JJF and Casillas agreed to pay Plaintiff $255,000 pursuant to a settlement agreement, leaving Plaintiff owed $357,716.99 from Flores as a guarantor of the franchise agreement. Id. Accounting for pre-judgment interest, the total amount of damages requested is $373,417.34. ECF No. 9-1 at 8. Plaintiff's request for damages is

5

supported by the declaration of Meghan Harrison, the Vice President of Integration and Franchise Operations for Plaintiff. ECF No. 9-2. Ms. Harrison's sworn declaration indicates that Plaintiff's damages are a sum certain calculated "using a simple mathematical calculation based on past due royalties, advertising and marketing fees, electronic filing fees and other fees owed to Jackson Hewitt based on JJF's operation of its Jackson Hewitt franchise, plus the Indemnification Amounts, and including interest calculated at 18% per year." Id. at 3. Accordingly, the Court finds that Plaintiff has provided an adequate basis for the requested damages of $373,417.34 specified in the default judgment. *Super 8 Worldwide, Inc.*, 2011 WL 2909316, at *3 (finding damages itemization set forth in affidavit supported by record evidence).

## V. CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment is **GRANTED**. An appropriate Order accompanies this Opinion.

DATED: January 27, 2020

_____
CLAIRE C. CECCHI, U.S.D.J.